IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BRENDA WITT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action |
| ) | No. 11-4144-CV-C-JCE-SSA |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| Defendant. ) | |

**ORDER**

Before the Court are Plaintiff's brief in support of her claim and Defendant's brief in support of the administrative decision, as well as Plaintiff's reply. The case involves the appeal of the final decision of the Secretary denying plaintiff's application for disability benefits under Title II of the Act, 42 U.S.C. §401 et seq. and application for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381. Pursuant to 42 U.S.C.§ 405(g), this Court may review the final decision of the Secretary. For the reasons stated herein, the decision of the Secretary will be affirmed.

Standard of Review

Judicial review of disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision. Robinson v.

Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. A disabling impairment is one which precludes engaging "in any substantial gainful activity [for at least twelve months] by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A finding of "not disabled" will be made if a claimant does not "have any impairment or combination of impairments which significantly limit [the claimant's] physical or mental ability to do basic work activities. . . ." 20 C.F.R. § 404.1520©.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

When rejecting a claimant's subjective complaints, the ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

Discussion

Plaintiff was 45 years old at the time of the hearing before the ALJ. She alleges that she is unable to work because of degenerative disc disease, history of cerebral aneurysm, bipolar disorder, post-traumatic stress disorder, asthma, hypertension, stroke, C4/C5 and C5/C6 anterior cervical discectomy, and an L5/S1 laminotomy. She has a General Equivalency Diploma. Her past relevant work includes that of government worker and preschool worker.

The ALJ found that plaintiff had not engaged in substantial gainful activity since January 1, 2003, the alleged onset date. He also found that she met the insured status requirements of the Social Security Act through September 30, 2006. He concluded that plaintiff was not fully credible. It was his finding that plaintiff has severe impairments of "degenerative disc disease, history of cerebral aneurysm, bipolar disorder and post traumatic stress disorder." [Tr. 17]. He concluded that plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. Specifically, he determined that plaintiff had no more than minimal restrictions in daily living attributable to her medically determinable mental impairments; that while she generally asserted limitations attributable to her medically determinable physical impairments, she maintained a household with her daughter and provided some care for her granddaughter; that she has moderate difficulties in social functioning attributable to her mental impairments; that she has moderate difficulties with regard to concentration, persistence or pace attributable to her mental impairments; and that she has experienced no episodes of decompensation. It was his finding that plaintiff could not perform her past relevant work, but that she had the Residual Functional Capacity ["RFC"] to perform sedentary work with restrictions on climbing and occasional balancing, stooping, kneeling, crouching, and crawling. The ALJ concluded that plaintiff would have additional nonexertional limitations in that she

would need to avoid concentrated exposure to excessive vibration and industrial hazards/unprotected heights.  The ALJ also found that because of plaintiff's mental impairment, she would need to be limited to work involving only simple tasks, which would require no more than occasional contact with the public and co-workers.  Therefore, the ALJ found that plaintiff was not under a disability as defined by the Act.

According to the testimony of the vocational expert, plaintiff could not perform her past relevant work, but with the limitations delineated above, she could perform some unskilled sedentary work.  Available representative jobs include assembler, packer, and stuffer.

Plaintiff contends that the ALJ erred at step two of the evaluation process by failing to consider whether her hepatitis C and breathing problems were severe impairments and by failing to consider these in developing his RFC, and that he erred in his RFC assessment.  She contends that hepatitis C is a chronic disease and that her physician planned to conduct a year-long course of chemotherapy to treat the condition, indicating that it is severe.  Additionally, it is her position that her breathing is severely impaired, despite her numerous attempts to stop smoking.   She also asserts that the ALJ erred by substituting his own opinion in place of a treating  physician.  She asserts that Dr. Shen, a consulting physician, opined that she had a severe breathing impairment.  It is also plaintiff's position that the ALJ substituted his own opinion regarding the postoperative impairments from which she still suffered at the time of the decision, including using a cane, and having some confusion and memory problems.  Plaintiff  asserts that the ALJ did not provide a proper RFC regarding the surgeries she has had when he stated that she recovered from all three of her surgeries in 2008 and 2009 without complications.  She contends that she had severe pain after her neck surgery and that she had decreased mobility and confusion after the craniotomy.

After having carefully reviewed the record, the Court finds that the ALJ did not err in failing to consider the hepatitis C and plaintiff's breathing problems as severe impairments. It is clear that the ALJ examined the medical record in regard to these impairments and did consider them. There is evidence in the record to indicate that plaintiff has had pulmonary function testing that showed mild impairment, although she has continued to smoke despite doctors' recommendations to cease. There is nothing in the record nor in plaintiff's testimony to suggest that either condition is a debilitating impairment, either individually or when considered with her other severe impairments. The reference to the possibility of chemotherapy for hepatitis C was a notation from plaintiff's therapist at Pathways, and not a report from a doctor treating her for this condition. Various medical records had notations indicating that plaintiff contracted hepatitis C from injecting OxyContin with her boyfriend, who had the disease. It was noted that the condition was diagnosed in approximately 1998, and that it had never been treated. [Tr. 430-31]. The medical records do not reflect symptoms of hepatitis C during the relevant time period. Therefore, it cannot be said that the ALJ erred in the consideration he gave to hepatitis C. Regarding her breathing problems, there are notations in the medical records regarding plaintiff having asthma, and that she was prescribed Advair and Albuterol, as well as a nebulizer. Dr. Shen, plaintiff's treating physician for a time, marked "yes" on an Initial Prescription form for a nebulizer regarding whether her ability to breathe was severely impaired, but there was no explanation for this finding. [Tr. 395]. Other than prescription refills, there are no medical records from Dr. Shen that elaborate on her breathing problem. The ALJ noted that plaintiff reported exercise-induced shortness of breath while incarcerated, and pulmonary function testing at that time showed mild obstruction. Pulmonary function testing performed in 2008 indicated that the spirometric flows were within expected limits, and that the flows and lung

volumes "do not show suggestion of airflow obstruction." [Tr. 360]. That report also indicated that the test did not "rule out with confidence the presence of asthma." [Id.]. The ALJ also observed that she did not follow medical advice to stop smoking. There are numerous notations in the record regarding physicians advising her to stop smoking, as well as notations regarding her having to undergo rehabilitation for marijuana use after she was released from state custody. Based on the record as a whole, the Court finds that there is substantial evidence in the record to support the ALJ's decision regarding the severity of plaintiff's breathing impairment and her hepatitis C.

Regarding the RFC finding, an ALJ has the duty to formulate the RFC based on all the relevant, credible evidence of record, including testimony, and not rely just on medical opinion evidence. See McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (the Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations). The ALJ is neither required nor permitted to formulate plaintiff's residual functional capacity based solely on a single medical opinion, but instead is bound to make that determination based on the record as a whole. Id. at 863.

In this case, the ALJ considered the full record evidence from the relevant time period, including the treatment notes, medical opinions and assessments, and plaintiff's own testimony. A review of the record indicates that the ALJ properly considered all of plaintiff's impairments in assessing the RFC. A review of the RFC, which delineates functional and nonfunctional limitations, indicates that the ALJ took into consideration the credible, medically supported evidence in the record to assess plaintiff's RFC, and considered her medically determinable impairments in the RFC finding. The ALJ discussed her claims of chronic breathing problems,

and observed that there was nothing in the medical records to indicate anything other than mild pulmonary problems. He discussed the fact that she had degenerative disc disease, and that she had undergone two surgical procedures in 2008 and 2009. She had an anterior cervical discectomy and fusion in August of 2008, and a bilateral discectomy and laminotomy in January of 2009. She also had a craniotomy for AVM resection and aneurysm clipping in August of 2009. It was the ALJ's finding that "she recovered from each surgery without complications and there was no period of 12 consecutive months when she would not have been able to perform the work activity described in her [RFC]." [Tr. 20]. As part of the RFC finding, the ALJ discussed plaintiff's credibility. He noted her limited work history and the fact that "for the last decade, she has been filing unsuccessful applications for disability benefits." [Id.]. He also observed that she had been advised to stop smoking, avoid illegal drugs and alcohol, complete physical therapy and exercise more. It was his observation, additionally, that her felony forgery conviction weighed against her credibility; her denial of illegal drug use shortly before being compelled to attend a substance abuse rehabilitation program because of illicit drug use also weighed against her credibility. He also noted that she was advised that her recovery from the surgeries would be better if she quit smoking and that her breathing problems would also lessen, but that her efforts to quit were "underwhelming." [Tr. 21]. The ALJ further noted that plaintiff had a history of failing to keep appointments as part of the application process, as well as a therapy appointment; that she failed to seek any mental health treatment for a year after she filed her application, and that a letter from her therapist indicated that she had the capacity to maintain employment at some point. In supporting his RFC finding, the Court finds that the ALJ properly took into account plaintiff's credibility.

        Plaintiff asserts that the ALJ did not provide a proper RFC regarding the surgeries she

had when he stated that she recovered from all three of her surgeries in 2008 and 2009 without complications. She contends that she had severe pain after her neck surgery and that she had decreased mobility and confusion after the craniotomy.

The ALJ found that plaintiff had recovered well from each surgery. He found that plaintiff had undergone surgery without complications and that there was no consecutive 12-month period when she could not have performed sedentary work at the level described in his RFC finding. It was his conclusion that "she is able to perform work that is generally performed while seated and does not require much standing or walking. Consistent with the mental health treatment records, she can perform simple tasks that require no more than occasional contact with the general public and co-workers." [Tr. 22].

A review of the record indicates that the ALJ considered plaintiff's physical limitations from having had back and neck surgery and the procedure for the aneurysm. There is nothing in the record to suggest that plaintiff did not have a full recovery from these surgeries to the extent that her pain was greatly reduced, she had good function in her upper extremities, and no evidence of instability, other than occasional use of a cane shortly after the surgeries. The last medical records addressing the aneurysm procedure were from December of 2009, after the surgery in August. At that time, it was only recommended that she start a home exercise program for left lower extremity strengthening and core strengthening. Although plaintiff reported some confusion and memory problems to the doctor, the medical treatment notes do not reflect that she exhibited those symptoms, nor did the doctor opine that she was disabled from working. The only medication change was for a different prescription to aid her sleeping.

The Court finds that there is substantial evidence in the record as a whole to support the ALJ's finding regarding plaintiff's RFC. When finding that plaintiff could perform a limited

range of sedentary work, the ALJ included the limitations he found credible, including some physical restrictions and restrictions based on her mental impairment. It was his finding that plaintiff would be limited to work involving only simple tasks, which would require no more than occasional contact with the public and co-workers. The ALJ also relied on the opinion of a vocational expert in reaching the conclusion that there were jobs in the national economy in this category, which plaintiff could perform. Substantial evidence in the record supports the ALJ's RFC finding.

Based on the record before it, the Court finds that the ALJ's decision that plaintiff could perform a limited range of sedentary work is adequately supported by substantial evidence in the record. Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006). Accordingly, the decision of the Secretary should be affirmed.

It is therefore

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

    /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 7/3/12